## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**YVETTE A. POWELL,** *et al.*                          **CIVIL ACTION**

**VERSUS**                                             **NO. 15-4839**

**GARY C. CADIEU,** *et al.*                            **SECTION: "G"(4)**

## ORDER

In this litigation, Plaintiffs Yvette Powell and Jivionna Powell, individually and on behalf of her minor child Dustin Carter (collectively "Plaintiffs"), allege that they suffered personal injuries and property damage when a tractor-trailer driven by Defendant Gary Cadieu backed into Jivionna Powell's vehicle.[1] Pending before the Court is Plaintiffs' "Motion to Remand."[2] Having considered the motion, the memoranda in support, the memorandum in opposition, the record, and the applicable law, the Court will grant the motion.

## I. Background

Plaintiffs allege that on or about January 13, 2015, Jivionna Powell was driving her 2013 Buick Verano in the Parish of Orleans when a tractor-trailer backed into her vehicle.[3] Plaintiffs filed suit against the driver of the tractor-trailer, Gary Cadieu, and the insurance company Admiral Merchants Motor Freight, Inc. ("Admiral Merchants") in the Civil District Court for the Parish of Orleans on August 27, 2015.[4] Admiral Merchants removed the case to this Court on September 29,

---

[1] Rec. Doc. 1-4.

[2] Rec. Doc. 5.

[3] Rec. Doc. 1-4 at p. 2.

[4] Rec. Doc. 1 at p. 1.

2015.[5] Plaintiffs filed the instant motion on October 13, 2015.[6] Admiral Merchants filed an opposition on November 24, 2015.[7] Plaintiffs filed a reply, with leave of Court, on December 2, 2015.[8]

## II. Parties' Arguments

### A.    *Plaintiffs' Arguments in Support of Remand*

Plaintiffs move to remand this case pursuant to 28 U.S.C. § 1447 on the grounds that, in their Petition for Damages, Plaintiffs irrevocably stipulated that their damages do not meet or exceed the sum of $75,000.[9] Plaintiffs contend that in Admiral Merchants' Notice of Removal, Admiral Merchants asserted that the medical records and "Settlement Evaluations" it received from Plaintiffs on September 24, 2015 show that the Plaintiffs' claims exceed the jurisdictional minimum of $75,000, exclusive of interest and costs.[10] However, Plaintiffs assert that, "[w]hile it is true that plaintiffs sustained serious injury in this accident and MRI findings support a possible damage award in excess of $75,000, plaintiffs have nonetheless irrevocably stipulated that their damages do not meet or exceed that sum necessary to maintain the jurisdiction of the Federal Courts of the United States of America, or $75,000."[11] Plaintiffs contend that, in the alternative, if the Court does

---

[5] *Id.*

[6] Rec. Doc. 5.

[7] Rec. Doc. 7.

[8] Rec. Doc. 10.

[9] Rec. Doc. 5-2 at p. 2.

[10] *Id.* at p. 1.

[11] *Id.* at p. 2.

exercise jurisdiction over this case, they should be allowed to seek damages in excess of $75,000.[12] Plaintiffs also have attached a "Stipulation as to Amount in Controversy" to their motion to remand, in which each plaintiff stipulates that his or her damages "do not exceed the sum or value of $75,000, exclusive of interests and costs."[13]

**B.      *Defendant Admiral Merchants' Opposition to Remand***

Admiral Merchants opposes remand on the grounds that: (1) Plaintiffs' stipulation, attached to their motion, was filed fourteen days after it filed its Notice of Removal; and (2) jurisdiction was not ambiguous at the time of removal because Plaintiffs' "Settlement Evaluation" for each of the three Plaintiffs established by a preponderance of the evidence that the amount in controversy exceeds $75,000.[14] Admiral Merchants asserts that Plaintiffs' stipulation in their petition is not sufficient for remand and directs the Court to the cases it cited in its Notice of Removal.[15]

In its Notice of Removal, Admiral Merchants asserts that when a plaintiff alleges in good faith that the amount in controversy is less than $75,000, a removing defendant must prove by a preponderance of the evidence that the amount in controversy is greater than $75,000.[16] Admiral Merchants contends that it can satisfy its burden in two ways: (1) by establishing that it is "facially apparent" that the claims probably exceed $75,000; or (2) by establishing through the removal

---

[12] *Id.*

[13] *Id.* at p. 4.

[14] Rec. Doc. 7 at p. 1.

[15] *Id.* at p. 2.

[16] Rec. Doc. 1 at p. 6 (citing *Norris v. Wal-Mart Stores, Inc.*, No. Civ. A 5:06CV502, 2006 WL 1476045, at *1 (W.D. La. May 24, 2006)).

petition or an accompanying affidavit facts to show that the amount in controversy is met.[17] According to Admiral Merchants, the Fifth Circuit has held that once the defendant satisfies this burden, removal is proper unless the plaintiff can show that it is "legally certain" that her recovery will not exceed $75,000.[18] Admiral Merchants contends that two ways that a plaintiff can establish legal certainty are: (1) citing in the complaint a state law that prohibits recovery of damages that exceed those prayed for and that prohibits increasing the prayer by amendment, and (2) filing a binding stipulation or affidavit with the complaint prior to removal.[19]

Admiral Merchants contends that Plaintiffs' Petition for Damages does not cite any Louisiana law that would prohibit recovery in excess of $75,000 or that would prohibit Plaintiffs from amending their petition to increase the amount at stake, and Plaintiffs also failed to file a binding stipulation or affidavit with their petition prior to Admiral Merchants' filing of the notice of removal.[20] Admiral Merchants asserts that the statement in Plaintiffs' Petition for Damages that Plaintiffs "irrevocably stipulate that their damages do not exceed that sum necessary to maintain the jurisdiction of the Federal Courts of the United States of America" is contradicted by the "Settlement Evaluations" received from Plaintiffs' counsel on September 24, 2015 indicating that the total claim for all three Plaintiffs is approximately "$130,000 plus medicals and probable loss of wages."[21] Furthermore, Admiral Merchants contends that Plaintiffs' failure to sign the "Stipulation As to Amount in Controversy" requested by Admiral Merchants demonstrates that Plaintiffs are not

---

[17] *Id.* (citing *Norris*, 2006 WL 1476045, at *1).

[18] *Id.* (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995)).

[19] *Id.* (citing *De Aguilar*, 47 F.3d at 1412).

[20] *Id.*

[21] *Id.* at p. 7.

4

willing to stipulate that they will not amend their petition to seek more damages.[22] Admiral Merchants cites a case from another section of the Eastern District of Louisiana, *Marullo v. Dollar General Corp.*, where, Admiral Merchants asserts, the court held that the plaintiffs' stipulation in the amended complaint that each claim did not exceed $75,000 was not sufficiently binding to prevent removal because it did not renounce the plaintiffs' right to collect more than $75,000 as the plaintiffs could simply amend their complaint.[23] Admiral Merchants also asserts that, in its analysis, the court noted that plaintiffs failed to respond to the defendants' request that the plaintiffs file a stipulation waiving and releasing any claims in excess of $75,000.[24]

Admiral Merchants also contend that Plaintiffs' argument that their post-removal stipulation supports remand is without merit.[25] Admiral Merchants asserts that in *Thompson v. Acceptance Indemnity Insurance Co.*, this Court denied a motion to remand on the grounds that the post-removal stipulation was filed days after removal and jurisdiction was not ambiguous at the time of removal because the plaintiff's pre-petition demand letter, in the amount of $80,800, established by a preponderance of the evidence that the amount in controversy exceeded $75,000.[26] Admiral Merchants also cites a case from another section of the Eastern District of Louisiana, *Omega Hospital, LLC v. Community Insurance Co.*, asserting that the court in that case rejected the plaintiff's argument that the plaintiff's stipulation in its motion to remand was binding because such a stipulation must "affirmatively renounce the right to collect damages in excess of the stipulated

---

[22] *Id.*

[23] *Id.* at pp. 7–8 (citing No. 14-cv-1131, 2014 WL 3587879 (E.D. La. July 21, 2014) (Berrigan, J.)).

[24] *Id.* at p. 8

[25] Rec. Doc. 7 at p. 2.

[26] *Id.* at p. 3 (citing No. 14-1424, 2014 WL 7369733, at *5–6 (E.D. La. Dec. 29, 2014) (Brown, J.)).

amount."[27] Admiral Merchants concludes that considering the specificity of Plaintiffs' settlement evaluations and Plaintiffs' unexplained delay in filing their stipulation, like in *Thompson* and *Omega*, Plaintiffs' post-removal stipulation is "merely an impermissible attempt to deprive this Court of jurisdiction that has already vested."[28]

## C.    *Plaintiffs' Arguments in Further Support of Remand*

In reply, Plaintiffs assert that in their Petition for Damages they stated that they "irrevocably stipulate that their damages do not meet or exceed that sum necessary to maintain the jurisdiction of the Federal Courts of the United States of America."[29] Plaintiffs also contend that Admiral Merchants is incorrect in its assertion that jurisdiction was not ambiguous at the time of removal because although the Settlement Evaluation was dated July 7, 2015 and states that the claims for Plaintiff Yvette Powell could range from $30,000 to $100,000 plus medical expenses and special damages, the Petition for Damages was filed at a later date, on August 27, 2015.[30] Plaintiffs assert that Jivionna Powell's Settlement Evaluation was for $20,000 to $30,000 "plus medical specials and provable loss of wages."[31] Finally, regarding the minor child, Dustin Carter, Plaintiffs contend that his claim was evaluated in the amount of $5,000 plus medical expenses of $495.[32]

---

[27] *Id.* at pp. 4–5 (citing No. Civ. A. 14-2264, 2014 WL 6640312, at * 6 (E.D. La. Nov. 21, 2014) (Barbier, J.)).

[28] *Id.* at p. 5.

[29] Rec. Doc. 10 at p. 2.

[30] *Id.*

[31] *Id.*

[32] *Id.*

Plaintiffs assert that they clearly filed an irrevocable stipulation in their original Petition for Damages, complied with state rules of civil procedure, and established to a "legal certainty" that the federal amount in controversy was not met.[33] Plaintiffs contend that there has been no attempt on their part to manipulate the state court pleadings to avoid federal court while retaining the possibility of recovering greater damages in state court following remand.[34] Plaintiffs contend that the fact that they explicitly declared in their Petition for Damages that their damages do not exceed $75,000 is a proper and a sufficient basis for the Court to remand this matter to state court pursuant to *Omega*.[35]

### III. Law and Analysis

*A.*      ***Legal Standard on a Motion to Remand***

Motions to remand from a federal district court to a state court are governed by 28 U.S.C. § 1447(c). Section 1447(c) provides, in part: "If at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[36] Section 1441(a) permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" which includes diversity jurisdiction.[37] For diversity jurisdiction to exist, the parties' citizenship must be completely diverse and the amount in controversy must exceed $75,000.[38]

---

[33] *Id.* at p. 3.

[34] *Id.*

[35] *Id.* at p. 4 (citing *Omega Hosp., LLC v. Cmty. Ins. Co.*, No. Civ. A. 14-2264, 2014 WL 6640312, at * 6 (E.D. La. Nov. 21, 2014) (Barbier, J.)).

[36] 28 U.S.C. § 1447(c).

[37] 28 U.S.C. §§ 1441(a), 1332(a).

[38] 28 U.S.C. § 1332(a).

Generally, the amount of damages sought in the petition constitutes the amount in controversy, so long as the pleading was made in good faith.[39] "Thus, in the typical diversity case, the plaintiff remains the master of his complaint."[40] Louisiana law ordinarily does not permit plaintiffs to plead a specific amount of money damages.[41] A Louisiana plaintiff is required, however, to state "a general allegation that the claim exceeds or is less than the requisite amount" if he wishes to establish "the lack of jurisdiction of federal courts."[42] Even then, a general allegation that a plaintiff's claims are above or below the federal jurisdictional requirement is not dispositive of whether the amount in controversy requirement is met because these general allegations "will not be binding on [a plaintiff's] recovery under Louisiana law."[43] Courts treat such general allegations as stating an "indeterminate amount of damages."[44]

In such instances, the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[45] A defendant satisfies this burden either by showing that it is "facially apparent" that the plaintiffs' claims likely

---

[39] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).

[40] *Id.*

[41] *See* La. Code Civ. P. art. 893(A)(1) ("No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended or incidental demand.").

[42] *Id.*

[43] *McCord v. ASI Lloyds/ASI Underwriters*, No. 13-126, 2013 WL 1196671, at *2 (E.D. La. Mar. 22, 2013) (Vance, C.J.) (citing *Mouton v. Meritplan Ins. Co.*, No. 10-1643, 2010 WL 2978495, at *2 n. 15 (E.D. La. July 20, 2010) (treating a general allegation in a plaintiff's petition that damages were less than $75,000 as alleging an indeterminate amount)).

[44] *Id.* (citation omitted); *see also Hammel v. State Farm Fire & Cas. Co.*, Nos. 06-7470, 06-9615, 2007 WL 519280, at *3 (E.D. La. Feb. 14, 2007) (Vance, J.) (treating plaintiffs' allegation that their "claim does not exceed $75,000" in their petition as alleging an "indeterminate amount of damages")).

[45] *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999); *Allen*, 63 F.3d at 1335 (quoting *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)).

exceed the jurisdictional amount, or by setting forth facts in dispute that support a finding that the jurisdictional amount is satisfied.[46]  The defendant must do more than point to a state law that might allow the plaintiff to recover more than the jurisdictional minimum; the defendant must submit evidence that establishes that the actual amount in controversy exceeds $75,000.[47] When the "facially apparent" test is not met, it is appropriate for the Court to consider summary judgment-type evidence relevant to the amount in controversy at the time of removal.[48] If the defendant meets its burden of showing the requisite amount in controversy, the plaintiff can defeat removal only by establishing with legal certainty that the claims are for less than $75,000.[49]

**B.      *Analysis***

In this case, Plaintiffs are citizens of Louisiana, Defendant Gary Cadieu is a citizen of Illinois, and Defendant Admiral Merchants is a company incorporated in Minnesota with its "registered and principal executive office" in Minnesota.[50] The parties do not contest that complete diversity of citizenship exists, only whether the amount in controversy requirement is satisfied. Because Louisiana law does not permit plaintiffs to plead a specific amount of money damages,[51] the Fifth Circuit requires the removing defendant to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.[52] Plaintiffs do not argue that Admiral Merchants has

---

[46] *Allen*, 63 F.3d at 1335.

[47] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

[48] *Allen*, 63 F.3d at 1335.

[49] *De Aguilar*, 47 F.3d at 1412.

[50] Rec. Doc. 1 at p. 2.

[51] *See* La. Code Civ. P. art. 893(A)(1) ("No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended or incidental demand.").

[52] *Simon v. Wal-Mart Stores*, 193 F.3d 848, 850 (5th Cir. 1999).

failed to established by a preponderance of the evidence that the amount in controversy exceeds $75,000. Rather, Plaintiffs claim that they "clearly filed an irrevocable stipulation in their original Petition" and therefore have established to a "legal certainty" that the federal amount in controversy has not been met.[53] However, because the Court may not need to reach the "legal certainty" argument if Admiral Merchants has not met its burden, the Court first will address whether Admiral Merchants has demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000.

A defendant can satisfy this burden either by showing that it is "facially apparent" that the plaintiffs' claims likely exceed the jurisdictional amount, or by setting forth facts in dispute that support a finding that the jurisdictional amount is satisfied.[54] In Plaintiffs' petition, they allege that Plaintiff Yvette Powell sustained "injuries to her mind and body," including "injuries to plaintiff's low back and knees," and that MRI testing shows "lumbar facet arthrosis at L3-4 and L4-5 with bulging at L3-4 with annulus fibrosus tear with bulging at L5-S1 and L2-3 and L4-5."[55] Plaintiffs seek damages in the form of "pain and suffering, past, present and future, mental anguish, inconvenience, humiliation, frustration, loss and/or restriction of activity and the enjoyment of life, medical transportation and other miscellaneous general damages, medical expenses, past, present and future, loss of wages and earning capacity, past, present and future, together with property damage and/or diminution of value to her vehicle, a 2013 Buick Verano."[56] The Petition for

---

[53] Rec. Doc. 10 at p. 3.

[54] *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[55] Rec. Doc. 1-4 at p. 4.

[56] *Id.* at p. 5.

Damages does not provide any information regarding the medical treatment that Yvette Powell requires, whether her injuries require surgery, the permanency of any injuries, or the amount of any property damage. Nor is any more specific information regarding actual damages provided for Jivionna Powell, who allegedly suffered "injuries to [her] neck, back and both shoulders" or Dustin Carter, who was "jolted about, and shaken up in the accident and treated at Tulane Lakeside Hospital Emergency Room."[57] Therefore, in the absence of information regarding any of Plaintiffs' actual damages, the amount in controversy is not apparent from the face of Plaintiffs' petition.

Since it is not "facially apparent" that the damages will exceed the jurisdictional minimum, the Court next considers whether Admiral Merchants has met its burden of proving, through summary judgment-type evidence, that the amount in controversy in this matter is likely to exceed the jurisdictional minimum.[58] Although Plaintiffs state in their motion that "it is true that [they] sustained serious injury in this accident and MRI findings support a possible damage award in excess of $75,000,"[59] this statement does not constitute summary judgment-type evidence to show by a preponderance of the evidence that, at the time of removal, the amount in controversy exceeded $75,000. Admiral Merchants asserts that the settlement evaluations it received from Plaintiffs establish by a preponderance of the evidence that the amount in controversy exceeds $75,000.[60] Admiral Merchants attached to its Notice of Removal three settlement evaluations, dated July 7, 2015.[61] The "Settlement Evaluation" for Plaintiff Yvette Powell states that she has "medical

---

[57] *Id.* at p. 4.

[58] *Allen*, 63 F.3d at 1335.

[59] Rec. Doc. 5-2 at p. 2.

[60] Rec. Doc. 7 at p. 1.

[61] Rec. Doc. 1-11.

specials" in the amount of $1,948, and that her claim was evaluated in the amount of $75,000 to $95,000.[62] Because Jivionna Powell and Dustin Carter's claims are evaluated in an amount sufficiently below $75,000,[63] and each plaintiff's amount in controversy is examined separately,[64] the only settlement evaluation which could establish the amount in controversy is Yvette Powell's.

In support of its argument that the settlement evaluation establishes that the amount in controversy has been met in this case, Admiral Merchants cites to *Thompson v. Acceptance Indemnity Insurance Co.*, where this Court found that a pre-petition settlement demand letter sent by a plaintiff to a defendant could be considered relevant evidence regarding the amount in controversy.[65] In *Thompson*, this Court noted that "a number of district courts within the Fifth Circuit have looked to pre-petition settlement demand letters as 'relevant evidence' of the amount in controversy."[66] The Court in *Thompson* found that, in light of the specificity of the demand letter, the supporting documentation with respect to the plaintiff's medical injuries, and the fact that the plaintiff had not argued that the damages set forth in the letter were incorrect, the defendants had

---

[62] *Id.* at p. 3.

[63] *Id.* at 12–13. Plaintiff Jivionna Powell's individual claim is evaluated at $20,000 to $30,000, plus "medical specials"of $2,955.60, and her claim on behalf of her minor child, Dustin Carter, is evaluated at $5,000, plus "medical specials" of $495. *Id.*

[64] *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 554–55 (2005) (citing *Clark v. Paul Gray, Inc.*, 306 U.S. 583 (1939)).

[65] *Id.* (citing *Thompson v. Acceptance Indem. Ins. Co.*, No. 14-1424, 2014 WL 7369733, at *4 (E.D. La. Dec. 29, 2014) (Brown, J.)).

[66] 2014 WL 7369733, at *4 (citing *Creppel v. Fred's Stores of Tenn., Inc.*, CIV.A. 13-734, 2013 WL 3490927, at *3–5 (E.D. La. July 10, 2013) (Barbier, J.) (denying remand where plaintiff's pre-petition settlement demand letter assessed the value of the case at $80,000); *Soileau v. Louisville Ladder Inc.*, No. 08-0385, 2008 WL 1924234, at *2 (W.D. La. Apr. 28, 2008) (granting remand where pre-petition settlement demand was for $28,392); *Lemus v. Intercontinental Hotels Corp.*, No. Civ. A. 99-0894, 2000 WL 526872, at *3 (E.D. La. May 1, 2000) (Clement, J.); *Bourg v. Fireman's Fund Ins. Co.*, No. CIV. A. 99-1066, 1999 WL 335636, at *2 (E.D. La. May 24, 1999) (Clement, J.); *Fairchild v. State Farm Mut. Automobile Ins. Co.*, 907 F. Supp. 969, 971 (M.D. La. 1995) (Polozola, J.) (denying remand where pre-petition settlement demand was for $110,000)).

demonstrated by a preponderance of the evidence that the amount in controversy exceeded $75,000.[67]

This case, however, is distinguishable from *Thompson*. In *Thompson*, the Court found that the settlement demand letter extensively addressed the plaintiff's specific injuries, treatment, and medical expenses.[68] In addition, the amount asserted in the demand in *Thompson* was a specific number ($80,800), and was based on extensive documentation regarding the plaintiff's injuries and medical expenses.[69] Here, the Settlement Evaluation states that "[c]laims involving bulging and/or herniated discs range in value from a low of $30,000 on up to amounts well over $100,000," and asserts that Yvette Powell's claim is worth between $75,000 and $95,000.[70] These ranges were calculated by Plaintiffs' attorney based on damages awarded to plaintiffs in other cases with injuries similar to those of Yvette Powell, rather than Yvette Powell's specific injuries, treatment plan, or medical expenses.[71] Moreover, the only Plaintiff-specific documentation in support of the settlement evaluation claim are medical bills totaling $1,948.60;[72] a letter from Yvette Powell's doctor describing her medical treatment thus far and discussing next steps, to include an MRI scan of her right knee and a prescription for pain medication;[73] as well as a summary of the results of the MRI

---

[67] *Id.* at *5.

[68] *Id.* at *4.

[69] *Id.* at *4–5.

[70] Rec. Doc. 1-11 at p. 3.

[71] *See id.*

[72] *Id.* at pp. 3–4.

[73] *Id.* at pp. 5–7.

on Plaintiff's back outlining the findings of the MRI, but not indicating any sort of treatment plan.[74]

Noticeably absent from the Settlement Evaluation is specific information regarding how Plaintiff

Yvette Powell's damages exceed $75,000. There is no evidence that a doctor has recommended

surgery, or that Plaintiff will have to undergo significant testing or physical therapy, or that a

hospital stay will be required. Therefore, Admiral Merchants has not met its burden of showing by

a preponderance of the evidence that the amount in controversy exceeds $75,000.[75]

### IV. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' "Motion to Remand"[76] is **GRANTED.**

**NEW ORLEANS, LOUISIANA**, this ___15th___ day of March, 2016.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[74] *Id.* at p. 9–11.

[75] In light of the Court's ruling that Admiral Merchants has not met its burden of showing by a preponderance of the evidence that the amount in controversy exceeds $75,000, the Court need not address the parties' arguments regarding whether Plaintiffs have established with legal certainty that their claims are for less than $75,000.

[76] Rec. Doc. 5.

14